**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

STEVEN MANN *et al.,*

   Plaintiffs,                                   Case No. 3:20-cv-00820-REP

v.

PRINCETON ALTERNATIVE FUNDING,
LLC *et al.*,

   Defendants.

**DEFENDANTS' MOTION FOR**
**SANCTIONS AGAINST PLAINTIFFS' COUNSEL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(b)(1-3)**

Defendants Princeton Alternative Funding, LLC ("PAF"), Princeton Alternative Income Fund, L.P. ("PAIF"), Philip Burgess ("Burgess"), Walter Wojciechowski ("Wojciechowski"), MicroBilt Financial Services Corp. ("MicroBilt"), Alonzo Primus ("Primus") and LJP Consulting, LLC ("LJP") (collectively, "Defendants"), respectfully submit this Motion For Sanctions Against Plaintiffs' Counsel Pursuant To Federal Rule Of Civil Procedure 11 (this "Motion").

Pursuant to Rule 11, this Motion and the accompanying Memorandum and exhibits were initially served on Plaintiffs' counsel on November 11, 2020, more than 21 days ago (the "Safe Harbor Documents"). *See* **Exhibit A** (attached to the accompanying Memorandum). As a result of the Safe Harbor Documents, Plaintiffs' counsel filed a Rule 41(a) dismissal (the "Dismissal Filing") of the Class Complaint against Defendants.[1]

---

[1] The portions of this Motion and accompanying Memorandum that relate and regard the Dismissal Filing were, of course, not included in the Safe Harbor Documents because the Dismissal Filing had not yet occurred. Because they are repetitious of the offensive false statements in the Class Complaint, the false statements of the Dismissal Filing are included herein (i) to highlight Plaintiffs' counsel intentionality of asserting these false baseless statements and (ii) to seek additional sanctions for such repetitious behavior.

1

A reasonable, responsible pre-filing inquiry would have revealed to Plaintiffs' counsel that there was no evidentiary support for the claims asserted by Plaintiffs against Defendants in the class action RICO complaint (ECF Dkt. 1) (the "<u>Class Complaint</u>") for the following reasons:

- The Draw Request Records provided by Big Valley Financial to PAIF confirm that none of the Class Complaint's Plaintiffs received any of the loan proceeds and the entirety of such loan proceeds was used to originate consumer loans through Big Valley Financial and none was used by Big Valley Financial to fund other tribal lenders. Therefore, Plaintiffs' counsel could not possibly have had evidence to support the allegations of the Class Complaint because none existed;

- No Defendant loaned or otherwise transferred funds to or through any of the tribal lenders identified in the Class Complaint;

- The contractual relationship between PAF/PAIF and Big Valley Financial, an affiliate of Big Valley Band of Pomo Indians of the Big Valley Rancheria, included a "Funds Use" covenant that required the loan proceeds to be used only for consumer loans between Big Valley Financial and consumers and that would have prohibited Big Valley Financial lending any such loan proceeds to other tribal lenders;

- The records reflect that the loan to Big Valley Financial included only an interest rate of at most twenty-four percent (24%) and there is no evidence that any other payments were made—and none were made—from Big Valley Financial or any other tribal lender to PAIF as asserted in the Class Complaint because Big Valley Financial never loaned or otherwise made funds available to any tribal lender identified in the Class Complaint; and,

- The allegations that Wojciechowski held direct ownership in PAIF or that Burgess owns indirectly a majority of the "shares" in PAF and PAIF are incorrect.

The facts and legal arguments on which this Motion are based in support of the preceding reasons, and the lack of good cause and proper due diligence and investigation as required by Rule 11, are more fully discussed and delineated in the Memorandum of Law filed herewith. In short, while the factual positions presented by Defendants in this Motion and supported by the exhibits referenced in the Memorandum were in part records maintained and controlled by Defendants,

these factual records confirm that, under no circumstances, could Plaintiffs' counsel have discovered **any** facts that would have constituted a basis upon which to make the baseless RICO conspiracy accusations that have been asserted in both the Class Complaint and the more recent Dismissal Filing that repeats the false RICO conspiracy allegations against Defendants.[2]

As a result of the filing of the Class Complaint and now the Dismissal Filing, Defendants have incurred substantial legal expenses in preparing this Motion and otherwise defending against this frivolous matter, especially where Plaintiffs' counsel has sought to use the allegations in the Class Complaint to foist impermissible personal jurisdiction over Defendant Burgess in the *Williams* litigation that is also presently venued before this Court.

Thus, for the reasons more fully set forth in the Memorandum being filed herewith, and the exhibits attached thereto, Defendants respectfully request that this Court grant this Motion and award Defendants sanctions against Plaintiffs' counsel, pursuant to Rule 11(b)(1), (b)(2) and (b)(3), in the amount of the attorneys' fees incurred by Defendants in preparing, investigating, serving and filing the Safe Harbor Documents, this Motion, and otherwise defending against this action, including the Dismissal Filing, and such other amount deemed by the Court necessary to deter such conduct in the future, where Defendants have delineated the factual falsities with respect to the allegations asserted in the Class Complaint (ECF Dkt. 1) and where Plaintiffs' counsel has now admitted in the Dismissal Filing that they did not have an evidentiary basis to file such Class Action.[3]

---

[2] Typically, though not required, a document such as the Dismissal Filing would be shared in advance with opposing counsel. In this case, Mr. Bennett did not share the Dismissal Filing prior to its filing presumably, in part, because of the offensive statements that were included therein.

[3] Upon the Court's direction, undersigned counsel will submit detailed invoices itemizing all fees and costs incurred in investigating, preparing, drafting, serving and filing the Safe Harbor Documents and this Rule 11 Motion and otherwise defending against the false claims asserted in the Class Complaint and now more recently in the Dismissal Filing.

Dated: December 8, 2020	Respectfully submitted,

By  /s/  Wyatt B. Durrette, Jr.
Wyatt B. Durrette, Jr., Esquire (VSB No. 04719)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:  (804) 775-6900
Fax:  (804) 775-6911
wdurrette@dagglaw.com

*To Be Admitted Pro Hac Vice*
*In This Litigation:*

Maurice R. Mitts (Pa. Bar No. 50297)
Gerard M. McCabe (Pa. Bar No. 66564)
MITTS LAW, LLC
1822 Spruce Street
Philadelphia, Pennsylvania  19103
Tel:  (215) 866-0110
Fax:  (215) 866-0111
mmitts@mittslaw.com
gmccabe@mittslaw.com

*Attorneys for Princeton Alternative Funding, LLC, Princeton Alternative Income Fund, L.P., Philip Burgess, Alonzo Primus, Walter Wojciechowski, MicroBilt Financial Services Corporation, and LJP Consulting, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to all counsel of record.

To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

                                                   */s/ Wyatt B. Durrette, Jr.*
                                                   Wyatt B. Durrette, Jr., Esquire (VSB No. 04719)
                                                   Durrette, Arkema, Gerson & Gill PC
                                                   1111 East Main Street, 16th Floor
                                                   Richmond, Virginia 23219
                                                   Tel: (804) 775-6900
                                                   Fax: (804) 775-6911
                                                   wdurrette@dagglaw.com