# Exhibit 1

**KROVATIN NAU LLC**
Gerald Krovatin, Esq. (Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHILIP N. BURGESS, JR.; MICHELLE BURGESS; ALEXANDRIA BURGESS; Minor 1, Minor 2, Minor 3, by their parents Philip and Michelle Burgess and MICROBILT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>LEONARD A. BENNETT; CONSUMER LITIGATION ASSOCIATES, P.C.; KRISTI CAHOON KELLY; KELLY GUZZO, PLC JACOB M. POLAKOFF; and BERGER MONTAGUE PC,<br><br>Defendants. | Civil Action No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

PLAINTIFFS, Philip N. Burgess, Jr., Michelle Burgess (his spouse), Alexandria Burgess (their daughter), and Minor 1, Minor 2, Minor 3 by their parents Philip and Michelle Burgess (the "Burgess Plaintiffs") residing in the Borough of Princeton, County of Mercer, State of New Jersey and MicroBilt Corporation, ("MicroBilt") with its corporate office in Princeton, New Jersey, for their Complaint against the Defendants, allege and say:

### NATURE OF ACTION

1. This is an action for damages and declaratory and injunctive relief against Defendants for abuse of process, harassment invasion of privacy and intentional infliction of

emotional distress arising out of Defendants' improper attempt to coerce Plaintiffs Philip Burgess and MicroBilt to settle separate Virginia federal litigation by filing frivolous and unfounded civil litigation against them and against him in this District and by employing process servers to make repeated and harassing attempts to serve Plaintiff Philip Burgess with process in the aforementioned frivolous litigation at his Princeton home, causing fear and emotional distress to Plaintiffs Michelle Burgess, Alexandria Burgess and the minor children of Philip and Michelle Burgess.

## PARTIES

2. The Burgess Plaintiffs are citizens of the State of New Jersey.

3. Plaintiff MicroBilt is incorporated in the State of Delaware and has its principal place of business in Kennesaw, Georgia, with corporate offices in Princeton, New Jersey.

4. Plaintiff Philip Burgess is the founder of MicroBilt and serves as a consultant to the company.

5. Upon information and belief, Defendant Leonard A. Bennett is a citizen of the Commonwealth of Virginia.

6. Upon information and belief, Defendant Bennett is an attorney at law of the Commonwealth of Virginia and is employed as such by Defendant Consumer Litigation Associates, P.C.

7. Upon information and belief, Consumer Litigation Associates, P.C. is a Professional Corporation incorporated in the Commonwealth of Virginia with its principal place of business in that State.

8. Upon information and belief, Defendant Kristi Cahoon Kelly is a citizen of the Commonwealth of Virginia.

9. Upon information and belief, Defendant Kelly is an attorney at law of the Commonwealth of Virginia and is employed as such by Defendant Kelly Guzzo, PLC.

10. Upon information and belief, Defendant Kelly Guzzo, PLC is a professional corporation incorporated in the Commonwealth of Virginia with its principal place of business in that State.

11. Upon information and belief, Defendant Jacob M. Polakoff is a citizen of the Commonwealth of Pennsylvania.

12. Upon information and belief, Defendant Polakoff is an attorney at law of the Commonwealth of Pennsylvania and is employed as such by Defendant Berger Montague PC.

13. Upon information and belief, Defendant Berger Montague PC is a professional corporation incorporated in the State of Minnesota with an office for the practice of law in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

14. By reason of the foregoing, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1).

15. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. Venue is proper in this District under 28 U.S.C. § 1391(a), because the unlawful conduct of the Defendants and their agents caused harm within this District and the matter in controversy occurred primarily in this District.

3

## GENERAL ALLEGATIONS

### Background – Virginia Litigation

17. There are pending in the U.S. District Court for the Eastern District of Virginia ("EDVA"), four (4) inter-related matters that are relevant to this action:

(a) *Williams v. Big Picture Loans, LLC*, Docket No. 3:17-cv-461 ("**Big Picture Litigation**");

(b) *Renee Galloway, et als. v. Big Picture Loans, LLC, et als.*, Docket No. 18-cv-00406-REP ("**Galloway Action**");

(c) *Williams, et als. v. MicroBilt Corporation*, et als., Docket No. 3:19-cv-00085- REP, ("**Virginia Williams Action**."); and

(d) *Lenora Glover, et als. v. MicroBilt Corporation*, Docket No. 1:19-cv-01337-RDA-JFA ("**Glover Action**").

18. One or more of the Defendants represent the plaintiffs in all four (4) of the aforementioned actions in the EDVA.

19. Two of the aforementioned actions named MicroBilt as a defendant and are frivolous attempts to compel and coerce MicroBilt and Philip Burgess into cooperating with the plaintiffs and their counsel (Defendants here) in prosecuting their claims against Matt Martorello, the principal defendant in those cases and, in the process, forcing MicroBilt and its employees to spend excessive amounts of time, effort and counsel fees in motion practice and in responding to burdensome discovery demands in all four of the EDVA actions.

20. Both the **Galloway Action** and the **Big Picture Litigation** purport to be class actions alleging that the defendants violated the federal RICO statute and various State usury laws by operating so-called "rent-a-tribe" payday lending schemes.

21. In the **Virginia Williams Action**, the plaintiffs allege that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by unlawfully requesting and obtaining

4

their consumer credit reports and providing them to defense counsel in the **Big Picture Litigation** in order to gain a litigation advantage in that action.

22. Plaintiffs Philip Burgess and MicroBilt were named as defendants in the **Virginia Williams Action.**

23. Philip Burgess was alleged to have procured plaintiffs' consumer reports from MicroBilt and provided them to one of the defense attorneys in the **Big Picture Litigation.**

24. However, Philip Burgess, a New Jersey citizen with no minimum contacts in the Commonwealth of Virginia, was dismissed without prejudice from the **Virginia Williams Action** for lack of personal jurisdiction by Order entered February 19, 2020.

25. MicroBilt's similar motion to dismiss the **Virginia Williams Action** was denied.

26. As discovery deadlines and compliance dates in the **Galloway Action** and the **Virginia Williams Action** began to draw near, Defendants began to pressure Plaintiffs Philip Burgess and MicroBilt to settle the **Galloway Action** and the **Virginia Williams Action**.

27. Defendants' pressure tactics included:

(a) Serving a Motion to Compel in the **Glover Action**;

(b) Serving numerous overlapping and conflicting unilateral notices of depositions for employees of MicroBilt across multiple states in the **Virginia Williams Action** and the **Glover Action**, to wit:

In the **Glover Action**: Notices of Deposition for:

- Walter Wojciechowski who works in NJ and lives in PA in the GA office June 3, 2020;
- Melissa Dennis in the GA office June 4, 2020;

5

- Carol Nowell in the GA office June 4, 2020; and

- Franklin Levin, Esq., who works in NJ and lives in PA in the GA office June 5, 2020.

In the **Virginia Williams Action**: Notices of Deposition for:

Melissa Dennis in the GA office June 9, 2020;

Ramesh Venkataramani in his home in MA June 10; and

Walt Wojciechowski in his home in PA June 11.

(c) MicroBilt's GA and NJ offices were and are presently closed in light of the COVID-19 pandemic, and all employees are working from their homes to the extent possible.

(d) On or about June 8, 2020, Defendant Len Bennett, counsel for plaintiffs in the **Virginia Williams Action,** represented to Judge Payne in that action that Philip Burgess was an old friend of Matt Martorello, the principal defendant in the EDVA litigation; that Philip Burgess owned MicroBilt; then that he did not own MicroBilt; and finally that Philip Burgess had recently sold MicroBilt while that action was pending. Those statements are inaccurate and pure fabrication, and in fact resulted in Judge Payne requiring that MicroBilt provide a declaration setting forth the ownership history of MicroBilt and the employment relationship with Philip Burgess, which will be provided to Judge Payne in camera. Defendant Bennett made the false statements in order to create a false impression in Judge Payne that Philip Burgess has some business or personal connection with Matt Martorello. In truth and in fact, Plaintiff Philip Burgess has never had an ownership interest in any business owned by Mr. Martorello, and the only "relationship" that ever existed is that Martorello owned companies that were customers of MicroBilt and affiliates.

6

28.     When Defendants' pressure tactics against Plaintiffs Philip Burgess and MicroBilt failed to coerce them into settling the **Galloway** and **Virginia Williams Actions**, the Defendants resorted to the tortious conduct alleged in this action.

**Defendants' Tortious Conduct in New Jersey**

29.     On May 11, 2020, seven (7) months after Magistrate, now District Judge Novak in the EDVA recommended the dismissal of Philip Burgess from the **Virginia Williams Action**, the Defendants filed a Complaint in this Court against Philip Burgess entitled *Lulu Williams, et als. v. Philip Burgess,* Docket No. 3:20-cv-5781 (FLW/DEA) (the "**New Jersey Williams Action.**")

30.     The Complaint in the **New Jersey Williams Action** makes the same allegations against Philip Burgess as those in the **Virginia Williams Action**, to wit, that he "procured" plaintiffs' credit reports from MicroBilt and forwarded them to one of the defense attorneys in the **Big Picture Litigation** in violation of the Fair Credit Reporting Act.

31.     However, Defendants knew or should have known that there is no legal basis for the Complaint in the **New Jersey Williams Action** because, among other things, Philip Burgess is not, as alleged, a "user" of consumer data within the meaning of the Fair Credit Reporting Act and because the information that Philip Burgess allegedly "procured" was not "governed data" within the meaning of the Fair Credit Reporting Act.

32.     On Friday, May 15, 2020, a female process server, ("Process Server No. 1") approached the front door of the Burgess residence in Princeton at approximately 7:54 p.m. and rang the doorbell a few times. Plaintiff Michelle Burgess answered the door said that Philip

7


Case 3:20-cv-00820-REP Document 19-1 Filed 01/08/21 Page 9 of 16 PageID# 627
Case 3:20-cv-07103 Document 19-1 Filed 06/11/20 Page 9 of 13 PageID# 8

Burgess was not there and Process Server No. 1 left. The incident was video recorded by the Burgess family's security system.

33. Present in the Burgess residence at the time, and at all times relevant to this Complaint, were Plaintiffs Michelle Burgess, Alexandria Burgess, Minor 1, 2 and 3.

34. The next day, Saturday, May 16, 2020, a heavy-set male process server ("Process Server No. 2") approached the front door of the Burgess residence in Princeton, at approximately 3:17 p.m., rang the doorbell and, without waiting for anyone to respond, began intentionally banging on the picture windows on the front of the house. The incident was video recorded by the Burgess family security system.

35. The actions of Process Server No. 2 as alleged, caused, and were intended to cause Plaintiffs Michelle Burgess, Alexandria Burgess, Minor 1, 2 and 3 to fear possible home invasion, robbery and assault and caused those Plaintiffs to suffer emotional distress.

36. When Plaintiffs Alexandria Burgess and Minor 1 answered the door, Process Server No. 2 asked if Philip Burgess was home. When Plaintiffs said he was not, Process Server No. 2 threw a set of papers at them into the Burgess' residence and walked away.

37. Process Server No. 2 was not wearing a mask or gloves, did not maintain a minimum of six-feet of social distancing between himself and the Burgess Plaintiffs (and in fact, came within approximately a foot of them), did not encase the papers he threw at them in plastic or other impermeable covering and generally did not practice any recommended practices for process servers during the current Covid-19 pandemic shutdown. See generally https://www.serve-now.com/articles/2886/a-guide-to-safely-resuming-service-of-process.

38. The papers in question, which Process Server No. 2 threw at the Burgess Plaintiffs, were copies of a letter from Defendants Leonard Bennett and Consumer Litigation Associates, LLC and the Summons and Complaint in the **New Jersey Williams Action**.

39. On Monday, May 18, 2020, Philip Burgess received a copy of a Proof of Service purporting to state that the Summons and Complaint in the **New Jersey Williams Action** was properly served on May 16, 2020.

40. On Wednesday, May 20, 2020, Process Server No. 2 returned and again approached the front door of the Burgess' Princeton residence and again began intentionally banging on the picture windows in the front of the house without first ringing the doorbell or knocking on the front door. The incident was video recorded by the Burgess family security system.

41. The actions of Process Server No. 2 as alleged, caused, and were intended to cause Plaintiffs Michelle Burgess, Alexandria Burgess and Minors 1, 2 and 3 to fear possible home invasion, robbery and assault and caused those Plaintiffs to suffer emotional distress.

42. When a Burgess family housekeeper answered the door, Process Server No. 2 handed her: (a) a document subpoena addressed to Philip Burgess, returnable June 1, 2020; and (b) a deposition subpoena addressed to Philip Burgess, returnable June 3, 2020, both of which were captioned in the **Virginia Williams Action** and signed by an attorney at Defendant Consumer Litigation Associates, LLC.

43. Again, Process Server No. 2 did not wear a mask or gloves, did not maintain a minimum of six-feet of social distancing between himself and the Burgess family housekeeper, did not encase the papers he served in plastic or other impermeable covering and generally did not practice any recommended practices for process servers during the current Covid-19 pandemic

9

shutdown. See generally https://www.serve-now.com/articles/2886/a-guide-to-safely-resuming-service-of-process.

44. On Thursday, May 21, 2020, a female process server ("Process Server No. 3") drove up to the Burgess' residence in Princeton and spoke with Plaintiff Michelle Burgess outside the front of her home. The incident was recorded by the Burgess residence security system.

45. Process Server No. 3 handed her a copy of a deposition subpoena addressed to Philip Burgess, returnable June 5, 2020, captioned in the **Galloway Action**, and signed by Defendant Bennett of Defendant Consumer Litigation Associates, LLC.

46. At all times relevant to this Complaint, Process Servers Nos. 1, 2 and 3: were employed by the Defendants acting in concert and for their mutual benefit; were acting as the duly authorized agents of the Defendants; and, upon information and belief, were acting on the instructions of one or more of the Defendants.

## Count One
### (Malicious Abuse of Legal Process)

47. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Defendants' further acts after issuing legal process against Plaintiffs demonstrate a purpose ulterior to the one for which such process was designed.

49. Such purpose was to coerce or oppress either through intentional malicious abuse of process or the issuance of process without reason or probable cause.

50. As a result of Defendants' conduct, Plaintiffs have been damaged.

51. As a result of Defendants' conduct, Defendants are liable to Plaintiffs for damages.

10

## Count Two
### (Harassment - Invasion of Privacy Interests)

52. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants, acting through their duly authorized agents, intentionally intruded upon Plaintiffs' seclusion or private concerns.

54. The intentional intrusion by Defendants through their agents, would be highly offensive to the reasonable person.

55. As a result of Defendants' conduct, through their agents, Plaintiffs have been damaged.

56. By invading Plaintiffs' privacy, Defendants are liable for harm caused, including harm to Plaintiffs' interest in privacy, mental anguish, and special damages.

## Count Three
### (Intentional Infliction of Emotional Distress)

57. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. Defendants' conduct, through their duly authorized agents, was intentional and intended to produce emotional distress, or reckless in deliberate disregard of the high degree of probability that emotional distress would result.

59. Defendants' conduct, through their agents, directed toward Plaintiffs was extreme and outrageous.

60. Defendants' misconduct, through their agents, proximately caused Plaintiffs'

11

emotional distress so severe that no reasonable person could be expected to endure it.

61. As a result, Defendants are liable to Plaintiffs for damages.

**WHEREFORE** Plaintiffs demands judgment against the Defendants jointly and severally:

(a) For compensatory, consequential and punitive damages;

(b) Declaring that Defendants through their agents have intentionally harassed, intimidated and inflicted emotional distress upon Plaintiffs and invaded their privacy;

(c) Enjoining Defendants and their agents from continuing to intentionally harass, intimidate and inflict emotional distress upon Plaintiffs and invade their privacy;

(d) For legal fees and costs in this action; and

(e) For such other and further relief as the Court may deem just.

KROVATIN NAU LLC
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

\_\_s/ Gerald Krovatin_____
gkrovatin@krovatin.com

Dated: June 11, 2020

12

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

KROVATIN NAU LLC
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

   s/ Gerald Krovatin
   gkrovatin@krovatin.com

Dated: June 11, 2020

## L.Civ.R.11.2 CERTIFICATION

I hereby certify that the matter involved here, as far as I know, is not the subject of any other action pending in any court, nor is it the subject of a pending arbitration or administrative proceeding except for the two related actions:

(1)    *Lula Williams, et als. v. Philip Burgess,* Docket No. 3:20-cv-5781-FLW-DEA;

(2)    *Philip Burgess v. Renee Galloway, et als.*, Docket No. 3:20-cv-06744-FLW-DEA. (This miscellaneous action was recently filed for a protective order and to quash subpoenas in the aforementioned **Virginia Williams Action** and the **Glover Action.**)

KROVATIN NAU LLC
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777

*Attorneys for Plaintiffs*
   s/ Gerald Krovatin
   gkrovatin@krovatin.com

Dated: June 11, 2020

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Philip N. Burgess, Jr., Michelle Burgess, Alexandria Burgess, M.B., P.B. and O.B., being minor children of Plaintiffs Philip and Michelle Burgess and MicroBilt Corporation

(b) County of Residence of First Listed Plaintiff: Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald Krovatin, Esq.
Krovatin Nau, LLC, 60 Park Place, Suite 1100, Newark, NJ 07102
973-424-9777

## DEFENDANTS
Leonard A. Bennett, Consumer Litigation Associates, P.C., Kristi Cahoon Kelly, Kelly Guzzo, PLC, Jacob M. Polakoff and Berger Montague, PC

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity
Brief description of cause:
Action for damages and declaratory and injunctive relief for abuse of process, invasion of privacy, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: See Attached Schedule A
DOCKET NUMBER: _____

DATE: 6/11/20
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Philip N. Burgess, Jr., et als. v. Leonard A. Bennett, et als.

Schedule A

Related Actions:

(1) *Lula Williams, et als. v. Philip Burgess*, Docket No. 3:20-cv-5781-FLW-DEA;
(2) *Philip Burgess v. Renee Galloway, et als.*, Docket No. 3:20-cv-06744-FLW-DEA.