# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFEY, and FELIX GILLISON, JR., | : : : |
| Plaintiffs, | : |
| v. | : |
| MICROBILT CORPORATION, et al., | : |
| Defendants. | : : : : : | 

Docket No.3:19-cv-00085-REP

### DECLARATION of PHILIP N. BURGESS, JR. in SUPPORT OF HIS RULE 12(b) MOTIONS TO DISMISS OR TRANSFER

Philip N. Burgess, Jr. certifies, pursuant to 28 U.S.C. section 1746, as follows:

1. I am an adult individual and reside in Princeton, Mercer County, New Jersey. I have personal knowledge of the facts set forth in this Declaration.

2. This Declaration is submitted in connection with my Motion to Dismiss for insufficient service of process, lack of jurisdiction, or in the alternative to Transfer Venue.

3. I am currently not an employee of MicroBilt Corporation ("MicroBilt"). I founded of MicroBilt in 2000 and was an employee in various executive roles from 2000 until January 15, 2007. On that date, I resigned from my employment and all corporate titles at MicroBilt. The same day, Walter Wojciechowski became the President and Chief Executive Officer of MicroBilt, roles he maintains as of today.

2158161.1

1

EXHIBIT A

4. Commencing January 15, 2007, I became consultant to MicroBilt, providing consulting and advisory services focused primarily on product development, data acquisition, mergers and acquisitions and business development. The services are provided to MicroBilt at MicroBilt's offices in Princeton, New Jersey.

5. I do not have, and have never had, an office in MicroBilt's principal place of business in Kennesaw, Georgia; I have never used that address for any purpose. I do not receive mail at that location.

6. For corporate compliance and security reasons, all MicroBilt email signature blocks contain the Kennesaw address, including the one email assigned to me by MicroBilt. This is done to prevent consumers from appearing at MicroBilt's Princeton offices which are not designed for, or expected to receive consumer visitors, announced or unannounced. In the consumer credit reporting industry, such precautions are routine. At its Kennesaw offices MicroBilt does maintain a consumer assistance department.

7. No person employed by MicroBilt in Kennesaw, Georgia is or was ever authorized by me to accept mail, sign return receipt "green cards" or otherwise accept service of mail, summons, complaints or other process on behalf of me.

8. Without admitting any liability or wrongdoing, and reserving all rights and defenses, any communications between me from Mr. Martorello would have been while I was in New Jersey, or traveling, but never in Virginia. Similarly, any information allegedly sent by me would have been sent from New Jersey and not Virginia. I have no business interests in Virginia; have not been to Virginia for any purpose in any way connected to the allegations of the Complaint or otherwise for many years. I have not communicated with, or sent anything to any person in Virginia in connection with the events alleged in the Complaint.

2158161.1

2

3

9. I have read the Complaint filed in the above action and have personal knowledge about the data and communications referred to in paragraphs 34, 35 and 37 (the "Data"). The Data to which Plaintiffs refer are and were not consumer reports as defined by the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, *et. seq.* (the "FCRA"). Instead, the Data was loan information stored in MicroBilt's "contribution database".

10. The contribution database resides in Princeton, New Jersey and Kennesaw, Georgia, and is synchronized and balanced for volume and outage and disaster backup and recovery purposes.

11. The Data provided was not sent by me or MicroBilt to anyone in Virginia at any time.

Dated: April 11, 2019

_____
PHILIP N. BURGESS, Jr.