# Exhibit 6



December 9, 2020

**Via Electronic Mail**
Wyatt Durrette
Durrette, Arkema, Gerson & Gill, P.C.
1111 E. Main Street, 16th Floor
Richmond, VA 23219

    Re:    *Mann, et al. v. Gomez, et al.*, Case No. 3:20-cv-820-REP (E.D. Va.)

Dear Wyatt,

    I am writing in response to the Motion for Sanctions that you filed yesterday in *Mann* at ECF No. 15. Please withdraw your motion.

    First, your motion violates the mandatory safe harbor provision of Rule 11. In particular, this section provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service" of notice of the potential filing of the motion for sanctions. Fed. R. Civ. Proc. 11(c)(2). As you are aware, we withdrew the complaint against your clients within 21 days of service of your potential motion and, thus, any such sanctions are barred by the safe harbor provisions of Rule 11(c)(2).

    Second, even though the plain language is clear, the Fourth Circuit's decision in Brickwood Contractors forecloses your clients' attempt to seek sanctions. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). In that case, the Fourth Circuit described "the requirements of the rule as straightforward," and explained that the "party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Id*. The Fourth Circuit further added that "the language of the rule imposes mandatory obligations upon the party seeking sanctions, so that the failure to comply with procedural requirements precludes the imposition of the requested sanctions." *Id*. (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995) ( "The plain language of [Rule 11(c)(1)(A) ] indicates that this notice ***and opportunity prior to filing is mandatory***. Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11.") (emphasis added); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("The purpose of the safe harbor, however, is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, *to withdraw the offending pleading and thereby escape sanctions*.") (emphasis in original). In conclusion, the *en banc* panel in *Brickwood* held "that the safe-harbor provisions of Rule 11 are inflexible claim-processing rules and that a district court

exceeds its authority by imposing sanctions requested through a procedurally-deficient Rule 11 motion."

The motion incorrectly states that "[e]ven though Plaintiffs' counsel has now withdrawn the Class Complaint against Defendants, this Court is permitted to grant sanctions in favor of Defendants for Plaintiff's sanctionable conduct because such sanctions are mandatory." Dkt. 16 at pg. 8. I have no idea where you got that from. As identified above, this statement disregards *both* the language of Rule 11 and a governing decision from the Fourth Circuit. The only support in your brief are two cases (*In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) that were authored three years prior to the 1993 Amendments to Rule 11, which formally added the safe harbor provision[1].

I remain concerned about your client's litigation tactics, but rest assured we will not behave in kind. If we are required to respond to this improper motion by your clients—who clearly attempting to harass us as evidence by the lawsuit they personally filed against us in New Jersey for the same conduct—we will seek our reasonable expenses and attorneys' fees incurred for responding to your motion. Fed. R. Civ. Proc. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

Please let me know your position by December 11, 2020, so I can work on our response if your client declines to withdraw the motion.

                        Sincerely,

                        /s/ *Kristi C. Kelly*

                        Kristi C. Kelly, Esq.

---

[1] As the Advisory Committee Notes explain: "Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, <u>the timely withdrawal of a contention will protect a party against a motion for sanctions</u>." FED. R. CIV. P. 11 advisory committee notes (1993 amendments; subdivisions (b) and (c)) (emphasis added).

3925 Chain Bridge Road, Suite 202  |  Fairfax, VA  22030  |  www.kellyguzzo.com  |  P 703.424.7570  |  F 703.591.0167