IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN MANN, et al.,

    Plaintiffs,

v.                                         Civil Action No. 3:20cv820

MICHAEL GOMEZ,
et al.,

    Defendants.

**MEMORANDUM ORDER**

The defendants have filed SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) (ECF No. 38) (the "Jurisdictional Motion to Dismiss"); SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) (ECF No. 39); SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF No. 41); and SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7) (ECF No. 43). It is necessary for the Court to consider the Jurisdictional Motion to Dismiss (ECF No. 38) before considering the other motions.

The plaintiffs have filed the PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY (ECF No. 57) to and in response to the Jurisdictional Motion to Dismiss (ECF No. 38). Normally, it is

appropriate to grant a request for jurisdictional discovery before entertaining the merits of a motion to dismiss for lack of subject matter jurisdiction such as that presented in the Jurisdictional Motion to Dismiss (ECF No. 38). However, the allegations of the Amended Complaint and the substance of the Jurisdictional Motion to Dismiss (ECF No. 38) counsel a somewhat restricted application of that principle. To understand why that is so, it is necessary briefly to assess the allegations of the Amended Complaint.

The Amended Class Action Complaint (ECF No. 14) against Philip Gomez, Michael Gomez, Chris McCloud, Vivian McCloud, and John Does 1-15 alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, as well as claims under state usury laws and claims for unjust enrichment under state law. The defendants are alleged to be "Tribal Council members of the Big Valley Band of Pomo Indians." The Amended Complaint seeks an injunction against each defendant in his or her official capacity as well as damages from him or her in their respective individual capacities (AC, ECF. No. 14, ¶¶ 13-17) because the defendants, all of whom are members of the Tribal Council: (1) enacted or participated in enacting an ordinance establishing four payday lending organizations that are alleged to be front groups for illegal payday lending loans;[1] (2) have the

---

[1] AC, ECF No. 14, ¶¶ 57, 66, 76, and 83.

2

power to shut down the operations of the payday lenders; (3) have been "instrumental in facilitating the creation of the illegal lending business and each [defendant] agreed to the collection of unlawful debt and conspired with the others [defendants] herein to collect the unlawful debt from consumers;"[2] (4) "have signed ordinances and have participated in with decisions with respect to the lending businesses – although it is likely that the vast majority of the day-to-day operations are outsourced to third parties;"[3] and (5) have attended meetings related to the high-interest usury loans offered by [the payday lenders] and have voted in favor of their [the payday lenders] making collection of the usurious loans.[4]

In Count One, the Amended Complaint asserts a violation of 18 U.S.C. § 1962(c) and seeks injunctive relief against the defendants, ostensibly in their official capacities and damages in their individual capacities. In Count Two, which alleges a violation of 18 U.S.C. § 1962(d), the Amended Complaint seeks injunctive relief against the defendants, apparently by virtue of actions allegedly taken in their official capacities, as well as

---

[2] AC, ECF No. 14, ¶ 102.

[3] AC, ECF No. 14, ¶ 103.

[4] AC, ECF No. 14, ¶¶ 103-105.

3

damages against them in their individual capacities. In Count Three, alleging violations of state licensing and usury laws, the Amended Complaint seeks declaratory relief against the defendants in their official capacities. In Count Four, alleging unjust enrichment, the Amended Complaint seeks relief against the defendants in the amounts of the loans unlawfully paid to the payday lenders whose lending activities were approved by the defendants. In sum, it appears, from the Amended Complaint, that the only actionable conduct alleged against the defendants are acts taken in their official capacities as Tribal Council members, most of which appear to be acts by which the defendants authorized certain conduct by way voting to enact Tribal legislation.

The Amended Complaint asserts, and correctly so, that where injunctive relief is sought against individual defendants for their individual conduct, the immunities raised by the defendants are not applicable. However, the Amended Complaint appears also to assert claims for damages against the defendants individually for actions taken in their official capacities.

Given these allegations, it is necessary to assess the defendants' claim of legislative immunity and, to that end, it is appropriate to permit jurisdictional discovery on that claim of immunity as to which the defendants have the burden of proof.

However, it is difficult to discern from PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY (ECF

4

...

No. 58) what discovery is thought to be necessary to determine the claim of legislative immunity. That is especially so given the nature of the allegations in the Amended Complaint that purport to base the defendants' liability on actions that appear to have been taken in their role in enacting ordinances while acting as members of the Tribal Council. Nonetheless, discovery on the assertion of legislative immunity certainly is permissible.

Accordingly, it is hereby ORDERED that the PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY (ECF No. 57) is granted to allow the service of jurisdictional discovery related only to the question of legislative immunity in perspective of the allegations that are made in the Amended Complaint about the defendants' actionable conduct. That discovery shall be served by September 20, 2021; any objections shall be filed by September 28, 2021, and responses to discovery requests as to which there is no objection shall be provided by October 1, 2021.

Additionally, it appears that the PLAINTIFFS' MOTION FOR PERMISSION TO ISSUE SUBPOENAS (ECF No. 59) is premature in view of the legislative immunity issue. Accordingly, the PLAINTIFFS' MOTION FOR PERMISSION TO ISSUE SUBPOENAS (ECF No. 59) is denied without prejudice to the filing of such a motion following the resolution of the legislative immunity issue.

Moreover, the issue of legislative immunity is not well-briefed. Accordingly, and in order to properly consider the

Jurisdictional Motion to Dismiss (ECF No. 38) as it relates to legislative immunity, it is hereby ORDERED that:

(1) By October 8, 2021, the defendants shall file a Supplemental Brief on Legislative Immunity that address the legislative immunity aspect of the Jurisdictional Motion to Dismiss (ECF No. 38);

(2) The plaintiff shall file a supplemental response brief on that issue by October 25, 2021; and

(3) The defendants shall file a supplemental reply brief on that issue by November 3, 3021.

It is further ORDERED that the ORDER (ECF No. 71) issued on June 6, 2021 is amended to require that the plaintiffs shall file their responses to the below listed motions fourteen (14) days after the Court's ruling on the legislative immunity issue:

- SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) (ECF No. 38) (issues other than Legislative Immunity)
- SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE (12)(b)(2) (ECF No. 39)
- SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF No. 41)

- SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7) (ECF No. 43)

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 7, 2021